```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :
           :
WALKER WEAR LLC,           :    Civil No. 21-cv-7073-LTS-SDA
           :
      Plaintiff,     :
           :
     v.          :    **STIPULATION AND [PROPOSED]**
           :    **PROTECTIVE ORDER**
OFF-WHITE LLC, OFF-WHITE   :
OPERATING SOHO LLC, SAKS FIFTH :
AVENUE LLC, and SAKS     :
INCORPORATED,        :
           :
     Defendants.   :
           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEWART D. AARON, U.S.M.J.

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

1

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

### Discovery Materials May Be Designated as Confidential

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential such material that the designating Party deems to constitute confidential or proprietary data, business information, and/or research, development, personnel, commercial or financial information, including:

       (a)      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

       (b)      previously nondisclosed confidential business ownership information;

(c)     previously nondisclosed business plans, product development information, marketing plans, or other proprietary information;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such material or the confidential portion thereof as "Confidential" by stamping or otherwise clearly marking as "Confidential" the material in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this action, a producing person realizes that Discovery Material (or some portion[s] thereof) that she, he, or it had previously produced without

limitation should be designated as Confidential, she, he, or it may so designate by so apprising all recipients of the Discovery Material in writing, and thereafter such designated Discovery Material or portion(s) thereof will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

### Who May Receive Confidential Discovery Material

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

>       (a)     the Parties to this action, their insurers, and counsel to their insurers, but only insofar as reasonably necessary for the prosecution or defense of this Action;

>       (b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

>       (c)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, and who sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

>       (d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

>       (e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

>       (f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)      any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)      stenographers engaged to transcribe depositions conducted in this action; and

(i)      this Court, including any appellate court, and the court reporters and support personnel for the same.

7.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it upon written request.  Whether or not they sign a Non-Disclosure Agreement, all persons who receive Discovery Material (including but not limited to those who receive such material pursuant to subparagraph 6(a)) may use such material for only this case—and may not use such material for any other purpose (per Paragraph 11 below).

**<u>Disputes and Additional Limits on Disclosure</u>**

8.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph II of this Court's Individual Practices.

9.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the

request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph II of this Court's Individual Practices.  Until any dispute under this paragraph is resolved, the Discovery Material whose designation under this paragraph is in dispute shall be treated consistent with the disclosing Party's request.

10.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

### Disclosure and Filing of Confidential Discovery Material

11.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Paragraph III(E) of this Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts

only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

### Fed. R. Evid. 502 Protection

18.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or immunity from discovery ("Inadvertently Disclosed Information"), pursuant to Federal Rule of Evidence 502(d), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege or immunity from discovery with respect to the Inadvertently Disclosed Information and its subject matter.

19.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed

Information (other than portions of such material of back-up tapes or other similar archived material, which will be destroyed in accordance with standard retention policies and otherwise maintained in accordance with the Protective Order until such time as it is destroyed), and provide a certification of counsel that all such information has been returned or destroyed (except as provided herein).

20.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed (excepted as provided in the preceding paragraph), the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

22.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

## Survival of this Order

23.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

24.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall

retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25.     This Order may be modified, amended or vacated by further order of the Court upon the motion of any Party.


SO STIPULATED AND AGREED:


By: /s/ *Hallie B. Levin*

Hallie B. Levin
Sara E. Hershman
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(t) 212-230-8800
(f) 212-230-8888
hallie.levin@wilmerhale.com
sara.hershman@wilmerhale.com

Michael J. Summersgill (admitted *pro hac vice*)
Joseph J. Mueller (admitted *pro hac vice*)
Jason Liss (admitted *pro hac vice*)
Tess Ambrose Foley (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(t) 617-526-6000
(f) 617-526-5000
michael.summersgill@wilmerhale.com
joseph.mueller@wilmerhale.com
jason.liss@wilmerhale.com
tess.foley@wilmerhale.com

*Counsel for Plaintiff Walker Wear LLC*

By: /s/ *Nicholas Laird (e-signed with consent)*

Nicholas Laird
Robert E. Shapiro
Maile H. Solís (admitted *pro hac vice*)
Thomas M. Williams (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Ph: (312) 984-3100
Fx: (312) 984-3150
nick.laird@bfkn.com
rob.shapiro@bfkn.com
maile.solis@bfkn.com
tom.williams@bfkn.com

- and -

Jason M. Drangel (JD 7204)
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
(212) 292-5390
jdrangel@ipcounselors.com

*Counsel for Defendants Off-White LLC, Off-White Operating Soho LLC, Saks Fifth Avenue LLC, and Saks Incorporated*

SO ORDERED.

Stewart D. Aaron, U.S.M.J.

Dated:        New York, New York
              August 2, 2022

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
                                           :
WALKER WEAR LLC,                           :    Civil No. 21-cv-7073-LTS-SDA
                                           :
               Plaintiff,                  :    <u>NON-DISCLOSURE</u>
                                           :    <u>AGREEMENT</u>
       v.                                  :
                                           :
OFF-WHITE LLC, OFF-WHITE                    :
OPERATING SOHO LLC, SAKS FIFTH             :
AVENUE LLC, and SAKS                        :
INCORPORATED,                               :
                                           :
               Defendants.                  :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will either return all discovery information to the party or attorney

from whom I received it, or upon permission of the producing party, destroy such discovery

information. By acknowledging these obligations under the Protective Order, I understand that I

am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.

1

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____        _____
                                  Signature